UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CECILIA GUTIERREZ,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                                  Case No. 1:19-CV-425

RICHARD HANDLON
CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on June 3, 2019, alleging claims of employment discrimination. (ECF No. 1). Because Plaintiff was permitted to proceed as a pauper, the Court reviewed Plaintiff's complaint and supplement pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it was frivolous, malicious, or failed to state a claim upon which relief can be granted. On June 19, 2019, the undersigned recommended that Plaintiff's complaint be dismissed for failure to state a claim. (ECF No. 7). In response to this recommendation, Plaintiff filed an amended complaint rendering moot the recommendation of dismissal. (ECF No. 10-11). Having now reviewed Plaintiff's amended complaint pursuant to § 1915(e)(2), the undersigned recommends that such be **dismissed**.

## LEGAL STANDARD

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative

1

level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## **ANALYSIS**

Plaintiff's amended complaint suffers from several fatal shortcomings. First, **t**he only defendant identified as such in Plaintiff's complaint is the Richard A. Handlon Correctional Facility, a prison operated by the Michigan Department of Corrections. A correctional facility is not an entity separate from the MDOC, but rather is one of several "buildings used by the MDOC to house

prisoners." *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934, at *7 (W.D. Mich. Oct. 28, 2013). A specific correctional facility is "not the proper public entity for suit." *Ibid.*

Although the Handlon Correctional Facility is, effectively, the MDOC, the MDOC is not a proper substitute for this facility. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in federal court, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). As has long been recognized, the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 Fed Appx. 646, 653-54 (6th Cir. 2010). Furthermore, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002). Accordingly, the undersigned recommends that Plaintiff's claims against the Handlon Correctional Facility be dismissed.

In articulating the various counts of her amended complaint, Plaintiff repeatedly makes reference to "Defendants." As noted above, however, the only "defendant" identified by Plaintiff is a building against which suit cannot be brought. Plaintiff does reference in her amended complaint two individuals: (1) Steve Card and (2) Mr. Blackman. It is not clear whether these two individuals are intended to be defendants in this matter. Ultimately, however, it is irrelevant because the allegations against these two individuals fail to state a claim. As to Steve Card, Plaintiff alleges that he failed to notify Plaintiff that her "supplies and tools were in the warehouse." Plaintiff further

alleges that Card later refused to deliver the supplies in question to Plaintiff. As for Mr. Blackman, Plaintiff makes no factual allegations against him, but instead merely notes that he subsequently took possession of Plaintiff's tools. These allegations simply fail to state a claim. Accordingly, to the extent Plaintiff's complaint is interpreted as asserting claims against Steve Card and Mr. Blackman, the undersigned recommends that such be dismissed.

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's amended complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: August 28, 2019                                  /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge

4