UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CECILIA CATHERINE GUTIERREZ,

    Plaintiff,

v.

    Case No. 1:19-cv-425

    HON. JANET T. NEFF

RICHARD A. HANDLON CORRECTIONAL
FACILITY, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

Pending before the Court are Plaintiff's objections (ECF No. 13) to the Magistrate Judge's Report and Recommendation (ECF No. 12). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I**

Plaintiff, proceeding pro se, initiated this case on June 3, 2019 by filing a Complaint for Employment Discrimination pursuant to 42 U.S.C. § 1983. Plaintiff was permitted to proceed in forma pauperis (ECF No. 5). The Magistrate Judge performed an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1), and, on June 19, 2019, issued a Report and Recommendation (R&R, ECF No. 7), recommending that Plaintiff's Complaint be dismissed. The Magistrate Judge determined that Plaintiff's Complaint "contains various factual allegations but does not state how each defendant was involved and what each defendant did that caused the

1

Plaintiff harm or violated the Plaintiff's rights" (*id.* at PageID.69). The Report and Recommendation, which noted the applicable 14-day period for filing objections, was duly served on the parties.

Plaintiff subsequently wrote the Court, asking whether it was "possible to just amend the complaint instead of filing an appeal" (ECF No. 8 at PageID.71). Plaintiff indicated that "[i]f amending the complaint is not acceptable I would like to request the extension of time to prepare and file a response for the appeal" (*id.*). This Court issued an Order on July 12, 2019 that extended the deadline for Plaintiff to file any objections to the Report and Recommendation to July 26, 2019 (ECF No. 9). On July 26, 2019, Plaintiff filed an Amended Complaint (ECF No. 10).

The Court determined that Plaintiff was permitted to amend her pleading "once as a matter of course," *see* FED. R. CIV. P. 15(a)(1)(B), and that the screening of her original complaint did not ameliorate this right (ECF No. 11, citing *Jones v. Bock*, 549 U.S. 199, 214 (2007) ("[T]he PLRA's screening requirement does not—explicitly or implicitly—justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself."); *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding, "like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")). As the June 19, 2019 Report and Recommendation concerned Plaintiff's original Complaint, the Court rejected it as moot (*id.*).

On August 28, 2019, the Magistrate Judge issued a second Report and Recommendation (ECF No. 12), recommending that Plaintiff's Amended Complaint be dismissed on screening pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge determined that although Plaintiff repeatedly referenced "Defendants" in articulating the various counts of her Amended Complaint,

"the only 'defendant' identified by Plaintiff is a building against which suit cannot be brought" (*id.* at PageID.89).

## II

In her objections to the August 28, 2019 Report and Recommendation, Plaintiff only generally objects to the dismissal recommended by the Magistrate Judge and wholly fails to identify any factual or legal error in the Magistrate Judge's analysis (Obj., ECF No. 13 at PageID.91). An objection "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)); *see also* FED. R. CIV. P. 72(b)(2) (requiring "specific written objections to the proposed findings and recommendations"). Plaintiff's "objection," therefore, is properly denied inasmuch as it provides no grounds for review—let alone rejection—of the Report and Recommendation. *See Peoples v. Hoover*, 377 F. App'x 461,462-64 (6th Cir. 2010) (citing cases supporting application of the preservation requirement against pro se litigants).

Plaintiff also requests the Court allow her to add an "Addendum," a "new outline of the Complaints," with further "detailed info" regarding the alleged discrimination (Obj., ECF No. 13 at PageID.91). However, Plaintiff has already amended her pleading once, as a matter of course. Even assuming arguendo that Plaintiff could properly seek leave to file a Second Amended Complaint at this juncture, where the Court has screened two versions of her pleading, such leave would be improvidently granted where there has been repeated failure to cure deficiencies and further amendment would be futile and/or result in undue delay and prejudice to Defendants. *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Accordingly, a Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Further, because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3), as recommended by the Magistrate Judge, that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 13) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 12) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (ECF No. 10) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Judgment would not be taken in good faith.

Dated:  April  16, 2020                                      /s/ Janet T. Neff
                                                            JANET T. NEFF
                                                            United States District Judge